IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



JOACHIM (JOHN) W. EXNER, ET AL., §
                                 §
         Plaintiffs,             §
                                 §
VS.                              §  NO. 4:19-CV-508-A
                                 §
FIRST COMMAND FINANCIAL          §
SERVICES, INC., ET AL.,          §
                                 §
         Defendants.             §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants, First Command Financial Services, Inc., First Command Financial Planning, Inc., First Command Advisory Services, Inc.[1], First Command Insurance Services, Inc., and First Command Bank,[2] to partially dismiss. The court, having considered the motion, the response of plaintiffs, Joachim (John) W. Exner ("John"), Claudia Exner ("Claudia"), Exner, Inc. ("EI"), and Exner & Associates, Inc. ("EAI"), the reply, the record, and applicable authorities, finds that the motion should be granted in part.

---

[1] The court notes that the claims against this defendant were dismissed by stipulation of dismissal filed June 11, 2019, and order signed June 13, 2019.

[2] The court does not consider that "Does 1-10" are parties to this action. At such time as plaintiffs identify such persons, they may seek leave to add them as defendants.

I.

## Plaintiffs' Claims

On March 27, 2019, plaintiffs filed their original complaint in the United States District Court for the Eastern District of Virginia, Alexandra Division. Doc.[3] 1. On April 12, 2019, they filed their first amended complaint. Doc. 6. In it, plaintiffs allege:

John and Claudia are married and reside in Virginia. Doc. 6, ¶ 11. John is a financial advisor and owner of EI and EAI. Id. Claudia is also a registered financial advisor and owner of EAI. Id. & ¶ 12. EI is the registered owner of eight copyrights, one trademark, and a collection of works entitled "The Consistent Client Experience" ("CCE"), and other intellectual property works. Id. ¶¶ 13, 19. Plaintiffs are engaged in the business of financial planning for active and retired military veterans and their families. Id. ¶ 14. A fundamental aspect of their business is the development and use of trade and business secrets, including copyrighted materials. Id.

In September 2010, John entered into an agreement with defendants to serve as an independent contractor. Id. ¶ 15. As part of John's relationship with defendants, he was required to

---

[3]The "Doc. __" reference is to the number of the item on the docket in this action.

submit to them copyrighted works for review and approval.[4] Id. ¶ 20. In July 2013, John submitted to plaintiffs part of a copyrighted work and was advised that he would not be permitted to use it unless the copyright notice was removed. Id. ¶ 22. John refused to do so. Id. Subsequently, defendants revised the agreement with independent contractors as of December 1, 2014, to include a provision on ownership of intellectual property. Id. ¶ 25. John refused to sign the agreement. Id. ¶ 26. On March 27, 2017, defendants terminated John and Claudia, stating that their association would end April 26, 2017. Id. ¶¶ 28, 29.

On March 27, 2017, defendants seized seven computers and related equipment belonging to John and his team. They copied hard drives and gained access to personal information, deleting contacts and numbers from personal devices. Id. ¶ 33. Defendants refused to return confidential information despite demand therefor. Id. ¶¶ 34-36.

Plaintiffs assert a number of causes of action as follows: federal copyright infringement asserted by EAI and EI (Count I), trade secret misappropriation under the Defend Trade Secrets Act, 18 U.S.C. § 1836 ("DTSA") asserted by EAI and EI (Count II), violation of federal computer crimes act, 18 U.S.C. § 1030, asserted by John, Claudia, and EAI (Count III), breach of

---

[4]Plaintiffs do not identify the contract provision that required the review.

3

contract and implied covenant of good faith and fair dealing by John and Claudia (Count IV), tortious interference with contracts and business relations by all plaintiffs (Count V), defamation by John and Claudia (Count VI), declaratory relief by all plaintiffs (Count VII), and unpaid wages by John and Claudia (Count VIII).

II.

Grounds of the Motion

Defendants maintain that the claims for declaratory relief by all plaintiffs and copyright infringement, DTSA, and breach of covenant of good faith and fair dealing by EAI must be dismissed. They allege that the declaratory relief claims are moot; EAI does not own the copyrights or trade secrets at issue; and, Texas does not recognize a covenant of good faith and fair dealing in the independent contractor context.

III.

Standards of Review

A.   Rule 12(b)(1)

Dismissal of a case is proper under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court lacks the statutory or constitutional power to adjudicate the case. Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998). When considering a motion to dismiss for lack of subject matter jurisdiction, the court construes the

4

allegations of the complaint favorably to the pleader. Spector v. L Q Motor Inns, Inc., 517 F.2d 278, 281 (5th Cir. 1975). However, the court is not limited to a consideration of the allegations of the complaint in deciding whether subject matter jurisdiction exists. Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981). The court may consider conflicting evidence and decide for itself the factual issues that determine jurisdiction. Id. Because of the limited nature of federal court jurisdiction, there is a presumption against its existence. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978); McNutt v. General Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936). A party who seeks to invoke federal court jurisdiction has the burden to demonstrate that subject matter jurisdiction exists. McNutt, 298 U.S. at 189; Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

B.  Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." Id.

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986); Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

IV.

Analysis

A. Copyright Infringement

To establish a claim for copyright infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). And, to have standing, a plaintiff must

assert its own rights and not rest of the legal rights or interests of others. <u>Warth v. Seldin</u>, 422 U.S. 490, 499 (1975).

Here, plaintiffs have pleaded that the copyrights at issue are owned by EI.[5] Therefore, EAI lacks standing to assert those claims and they will be dismissed.

B. <u>DTSA</u>

Defendants likewise urge that EAI lacks standing to assert a claim under the DTSA. However, the subject of that claim is not limited to the copyrights owned by EI. The amended complaint is worded in such a way that EAI may own some of the trade secrets at issue.

C. <u>Good Faith and Fair Dealing</u>

Count IV of the amended complaint says in bold type that the claims for breach of written contract and implied covenant of good faith and fair dealing are brought by John and Claudia. Doc. 6 at 18. In paragraph 69, however, the allegation is that John, Claudia and EAI bring a breach of implied covenant claim. Plaintiffs state in their response to the motion to dismiss that EAI is not bringing such a claim. Doc. 23 at 13.

---

[5]Thus, the court need not consider the additional materials the subject of defendants' motion to take judicial notice, Doc. 13. The court is satisfied that judicial notice would be appropriate; it simply is not necessary.

D.  Request for Declaratory Relief

In Count VII of the amended complaint, plaintiffs seek a declaration that the non-compete and non-solicitation clauses of the 2010 agreement between John and defendants are void and unenforceable. Doc. 6 at 22. As defendants point out, the provisions expired on their own terms in April 2019. Plaintiffs have not pleaded any facts that would make the declarations they seek appropriate. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)(the case or controversy requirement subsists through all stages of the litigation). That a declaration might be appropriate in certain circumstances that do not presently exist does not raise a case or controversy ripe for review. See, e.g., Lower Colorado River Auth. v. Papalote Creek II, L.L.C., 858 F.3d 916, 924 (5th Cir. 2017).

V.

Order

The court ORDERS that defendants' motion to partially dismiss be, and is hereby, granted in part, and the claims of EAI in Count I for copyright infringement and in Count IV for breach of implied covenant of good faith and fair dealing, and the claims of all plaintiffs in Count VII for declaratory relief be, and are hereby, dismissed.

The court further ORDERS that defendants' motion to take judicial notice be, and is hereby, denied as moot.

SIGNED July 3, 2019.

_____
JOHN McBRYDE
United States District Judge